FILED
CLERK, U.S. DISTRICT COURT

MAY 15 2018

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3625 BEVERLY, LLC,<br><br>Plaintiff<br><br>v.<br><br>LESTER JOHNSON, DOES 1 TO 10<br><br>Defendant(s). | CASE NUMBER:<br><br>CV 18-3996-SVW (KSx)<br><br>**ORDER REMANDING CASE TO STATE COURT** |

The Court <u>sua sponte</u> **REMANDS** this action to the California Superior Court for the County of Los Angeles _____ for lack of subject matter jurisdiction, as set forth below.

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great N. Ry. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of Am. Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v.

Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

From a review of the Notice of Removal and the state court records provided, it is evident that the Court lacks subject matter jurisdiction over the instant case, for the following reasons.

☑ No basis for federal question jurisdiction has been identified:

    ☑ The Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

    ☑ Removing defendant(s) asserts that the affirmative defenses at issue give rise to federal question jurisdiction, but "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994). A "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 14 (1983).

    ☑ Removing defendant(s) has not alleged facts sufficient to show that the requirements for removal under 28 U.S.C. § 1443 are satisfied. Section 1443(1) provides for the removal of a civil action filed "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." Even assuming that the removing defendant(s) has asserted rights provided "by explicit statutory

1         enactment protecting equal racial civil rights," Patel v. Del Taco, Inc., 446 F.3d 996,

2         999 (9th Cir. 2006) (citation omitted), defendant(s) has not identified any "state
statute or a constitutional provision that purports to command the state courts to

3         ignore the federal rights" or pointed "to anything that suggests that the state court
would not enforce [defendant's] civil rights in the state court proceedings." Id.

4         (citation omitted); see also Bogart v. California, 355 F.2d 377, 381-82 (9th Cir.

5         1966) (holding that conclusionary statements lacking any factual basis cannot
support removal under § 1443(1)). Nor does § 1443(2) provide any basis for

6         removal, as it "confers a privilege of removal only upon federal officers or agents
and those authorized to act with or for them in affirmatively executing duties

7         under any federal law providing for equal civil rights" and on state officers who

8         refuse to enforce discriminatory state laws. City of Greenwood v. Peacock, 384
U.S. 808, 824 & 824 n.22 (1966).

9

10     ☑ The underlying action is an unlawful detainer proceeding, arising under and
governed by the laws of the State of California.

11

12     ☑ Removing defendant(s) claims that 28 U.S.C. § 1334 confers jurisdiction on this
Court, but the underlying action does not arise under Title 11 of the United States

13        Code.

14 ☑ Diversity jurisdiction is lacking, and/or this case is not removable on that basis:

15     ☑ Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. §
1332(a).

16

17     ☑ The Complaint does not allege damages in excess of $75,000, and removing
defendant(s) has not plausibly alleged that the amount in controversy requirement

18        has been met. Id.; see Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct.

19        547, 554 (2014).

20     ☑ The underlying unlawful detainer action is a limited civil action that does not
exceed $25,000.

21

22     ☑ Removing defendant(s) is a citizen of California. 28 U.S.C. § 1441(b)(2).

☐ Other:

23

24

25

26 IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the Superior

27 Court of California listed above, for lack of subject matter jurisdiction.

28 **IT IS SO ORDERED.**

Date:   May 15, 2018

                                STEPHEN V. WILSON
                                United States District Judge